UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00064-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for New Trial–#379; Motion for New Trial–#381) |
| STEVE GRIMM, EVE E. MAZZARELLA, and MELISSA R. BEECROFT, | |
| Defendants. | |

Before the Court is Defendant Steve Grimm's **Motion for New Trial** (#379, filed Jan. 20), Defendant Eve Mazzarella's **Motion for New Trial** (#381, filed Jan. 20), and Defendant Melissa R. Beecroft's **Joinder** (#380, filed Jan. 20) to the two motions. The Court has also considered Plaintiff the United States of America's (the "Government") Opposition (#384, filed Feb. 3). Defendants did not file replies.

**BACKGROUND**

On September 28, 2011, Defendants filed a joint notice identifying Curtis Novy as a defense expert. (Dkt. #237.) The Government filed a motion to exclude Defendants' experts, including Novy, the next day on the ground that the notices were deficient. (Dkt. #245.)

Defendants trial commenced on October 11, (Dkt. #268), with the Court noting that it was not yet ruling on the Government's motion even though it had merit. Six days after the trial began, Defendants supplemented their disclosure and summarized Novy's anticipated testimony. (Dkt. #276.) On December 5, Beecroft called Novy to the stand to testify. The Court also issued its ruling prohibiting Novy from testifying about irrelevant topics (such as lender negligence). (Dkt. #342.) On December 15, the jury returned guilty verdicts on all counts. On January 12, 2012, Defendants Grimm and Mazzarella filed motions for a new trial, which Beecroft joined without presenting additional argument. For the reasons discussed below, the Court denies the motions.

## DISCUSSION

### I. Standard

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A "motion for new trial is directed to the discretion of the judge." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). However, if the trial court has "committed an error of sufficient magnitude," it should grant a new trial. *United States v. Johnson*, 769 F. Supp. 389, 395-96 (D. D.C. 1991).

### II. Analysis

Defendants' motions for a new trial are without merit. Defendants present two general arguments: (1) that the verdict was against the weight of the evidence, and (2) that the Court mishandled the issues surrounding their purported "expert."

#### A. Weight of the Evidence

Grimm argues that the weight of the evidence did not support a guilty verdict because the government relied on compromised witnesses who provided unreliable testimony. Grimm argues that the witnesses were compromised and unreliable because they were Government cooperators. This is insufficient to make them compromised or unreliable. The Government presented 50 witnesses, only nine of whom were cooperators. They were then subjected to cross-examination where the defense had ample opportunity to expose any untruthful testimony to the

jury. In addition to these witnesses, the Government presented substantial documentary evidence. It would be irrational to say that the convictions were against the weight of the evidence, and the Court will not do so.

**B.      Novy's Testimony**

Defendants also contend that the Court erred in its handling of Novy and his testimony. Defendants offer two principle arguments for this conclusion: (1) the Court failed in its Federal Rule of Evidence 702 "gatekeeping" obligation by allowing in unreliable expert testimony, and (2) that if Novy was not prohibited from testifying, his testimony should not have been limited by the Court in the manner it was limited.

**1.      Gatekeeping**

Defendants argue that the Court should have prevented Mr. Novy from testifying if the Court had doubts as to the nature, character, and quality of Novy's testimony. Defendants cite various cases for this proposition. However, these cases are easily distinguishable. In each case, the appellant either contested the court admitting the other party's expert testimony or the appellant was contesting the court's exclusion of the appellant's own expert testimony. Here, Defendants argue that the Court should have protected them from themselves. This unique argument is insufficient for Defendants to receive a new trial. If it were, every time an expert was shown to be a fool on cross-examination a new trial would be required. This is simply not the case. Rather, cross-examination and contradictory evidence are the tools an adverse party is supposed to use to convince the jury of their own case. *See Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. . . . These conventional devices, rather than wholesale exclusion under an uncompromising "general acceptance" test, are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702.") Here, the prosecutors simply did their job and discredited Defendants' witness on cross-examination. This discrediting does not

necessitate a new trial. Defendants could have attempted to ask other questions and rehabilitate their witness, but simply chose not to, and it is not the Court's responsibility to fix Defendants' own error.

### 2. Testimony Limitations

Defendants also argue that the Court should not have prevented Novy from testifying about his conclusions. However, the Court did not categorically limit Novy from testifying about his conclusions or even about hypothetical conclusions. Rather, the Court limited Novy from testifying about lender fault, lender negligence, or the sale of mortgages on the secondary market. The Court prohibited Novy from testifying to these matters because they are not legal defenses to the charged crimes and did not relate to the issues in the case. *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") Thus, the limitations the Court set upon Novy were appropriate and any defense imposed limitations (*e.g.*, not asking particular questions) were not the Court's fault.

Further, Grimm's general statements about the Court improperly influencing the jury as regards Novy are without support and without merit. The Court upheld objections, as is the Court's responsibility. Simply granting proper objections does not equate to improper influence.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Grimm's Motion for New Trial (#379) is DENIED.

IT IS FURTHER ORDERED that Mazzarella's Motion for New Trial (#381) is DENIED.

Dated: March 12, 2012.

_____
ROGER L. HUNT
United States District Judge