UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>STEVEN GRIMM, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:08-CR-64 JCM (GWF)<br><br>**ORDER** |

Presently before the court is the United States' motion to order self-surrender dates. (Doc. # 658). Defendants Grimm and Mazzarella have filed neither responses in opposition nor motions for bail pending appeal.

**I.　　Background**

On March 23, 2012, the district court sentenced defendant Steven Grimm to twenty-five years per count, to run concurrently. (Doc. # 434). Defendant was remanded to custody. (*Id.*). On the same day, the court sentenced defendant Eve Mazzarella to fourteen years per count, to run concurrently. (Doc. # 439). She later self-surrendered.

On February 27, 2014, the Ninth Circuit granted Ms. Mazzarella's motion for bail pending appeal. (Doc. # 568). That court found that Ms. Mazzarella had identified substantial questions of law or fact likely to result in reversal or an order for a new trial. (Doc. # 568 at 1). On April 9, 2014, the district court granted Mr. Grimm's motion for bail pending appeal, which was based on substantially similar questions to those raised in Ms. Mazzarella's motion. (Doc. # 581).

On April 20, 2015, the Ninth Circuit vacated the district court's denial of several motions for a new trial filed by the defendants. (Doc. # 656). The case was remanded to this court for discovery and an evidentiary hearing on alleged *Brady* and Fourth Amendment violations. *See United States v. Mazzarella*, 784 F.3d 532 (9th Cir. 2015). This court held an evidentiary hearing

**James C. Mahan**
**U.S. District Judge**

on December 17 and 18, 2015. (See doc. # 656). On December 23, 2015, the court denied the motions for a new trial. (Doc. # 656).

Based on the fact that no new trial was ordered, the government now moves the court to order self-surrender dates for Grimm and Mazzarella, arguing that the "substantial questions" raised in the defendants' motions for bail pending appeal have been resolved in the government's favor and that any further appeal is for purposed of delay. The government requests that defendants be ordered to self-surrender by January 11, 2016, or as soon as practicable.

## II.     Legal Standard

18 U.S.C. § 3143(b) states that a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i)  reversal,
>>
>> (ii)  an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b); *see also* Fed. R. Crim. P. 46(c) (explaining that eligibility for release pending appeal is governed by 18 U.S.C. §3143); Fed. R. App. .P. 9(c) (expressly incorporating the provisions of § 3143). If a court makes such findings, it shall order the defendant released pursuant to section 3142 of the same title. *See id.*

In *Us v. Handy*, the Ninth Circuit held that a court must find the following facts to order bail pending appeal under section 3143:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and

James C. Mahan
U.S. District Judge

- 2 -

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985)).

A defendant has the burden of proving that a substantial question exists. *Id*. A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id*. The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

**III.  Discussion**

The government argues that the court addressed each of the substantial questions raised in Grimm and Mazzarella's respective motions for bail in its December 23, 2015, order. (*See* doc. ## 656, 658 at 2). It contends that those questions were resolved in its favor. (Doc. # 658 at 3). Further, it argues that the defendants cannot show by clear and convincing evidence that they are not likely to flee or pose danger to the safety of any other person or the community. (*Id.*). Finally, the government argues that defendants cannot prove by clear and convincing evidence that any additional appeal by defendants is not for purposes of delay, raises a substantial question of fact or law, or is likely to result in reversal or an order for new trial. (*Id.*).

Ms. Mazzarella's motion for bail pending appeal was based on the following substantial questions: *Brady* violations related to government witnesses (i) Kimberly Brown, (ii) Jennifer Wolff, and (iii) Alicia Hanna; (iv) an alleged Fourth Amendment violation predicated on a supposedly suppressed unlawful search by Ms. Brown and David Mark; and (v) a claim that the district court abused its discretion by concluding that Ms. Mazzarella did not establish the factual foundation necessary for her proposed 'advice of counsel' jury instruction. (*See* doc. # 565). Mr. Grimm's motion for bail pending appeal was based on the *Brady* and Fourth Amendment issues described above. (*See* doc. # 569). It did not rely on the advice of counsel jury instruction claim. (*Id.*).

First, this court did not resolve the substantial question about the jury instruction in its December 23, 2015, order because the Ninth Circuit had already resolved that question, against

James C. Mahan
U.S. District Judge

- 3 -

Ms. Mazzarella, in a decision memorandum dated April 20, 2015. *See Mazzarella,* 784 F.3d at 534 n. 1; (doc. # 604 at 5). The court did, however, in its December 23, 2015, order, resolve all other substantial questions raised in defendants' motions. (*See* doc. # 656). The questions were not resolved favorably for the defendants. (*Id.*). No new trials were ordered. (*Id.*).

The defendants, both of whom have already been sentenced and taken into custody previously, may have won their appeals, but they did not succeed on their motions for new trial on remand. That being the case, their convictions by jury and the subsequent judgments against them are valid and enforceable. The substantial questions of law that supported their bail pending appeal were ultimately resolved against them by the Ninth Circuit or this court. Therefore, the court must order defendants to self-surrender pursuant to the district court's March 23, 2012, judgments against them.

Both defendants, however, filed notices of appeal from this court's December 23, 2015, order. (*See* doc. ## 659, 661). The defendants appeal the order itself and also renew certain issues that had previously been raised in their consolidated appeals, but were not resolved by the Ninth Circuit. (*Id.*).

The court finds any appeal from its December 23, 2015, order on remand to be frivolous and made for the purposes of delay. In that order, the court found that:

> The strength of the prosecution's case described above, paired with the nonessential nature of the Sedere materials considered here in the first instance, the court's factual rejection of defendants' Fourth Amendment and Jennifer Wolff challenges, and the lack of new evidence presented to the court, despite a discovery period before the evidentiary hearing, convince this court that confidence in the guilty verdicts is not undermined by defendants' disclosure challenges.

(Doc. # 656).

The Ninth Circuit had already found that: "[o]n the record before us, there is not a fair probability that a jury would have reached a contrary result. The strength of the prosecution's case, coupled with the relative weakness of the proffered impeachment evidence, leads us to conclude that there was no prejudice." *Mazzarella,* 784 F.3d at 539. Collectively, the courts' findings resolve all substantial questions of both fact and law that might result in reversal or a new trial conclusively against defendants. Any appeal from such findings is frivolous because the substantial questions raised therein have evaporated.

**James C. Mahan**
**U.S. District Judge**

- 4 -

The defendants have also renewed their appeals of their sentences, which have not been addressed by this court or the Ninth Circuit. Defendant Grimm's renewed appeal of the sentence imposed by the district court is based on "additional causes of action" raised by Mr. Grimm in his original consolidated appeals. These additional causes of action *were not* included in the substantial questions Mr. Grimm alleged as a basis for his first motion for bail pending appeal. (*See* doc. # 569, 661). The same is true of Ms. Mazzarella's motion for bail and appeal of her sentence. (*See* doc. # 565, 659). Thus, the orders granting their motions for bail are not valid with respect to their appeals of their sentences. Neither defendant put forth any evidence or arguments to show that the appeals from their sentences raise substantial questions of fact or law in their motions for bail. (*See* doc. # 565, 569).

The court finds that any appeal from its December 23, 2015, order is frivolous and made for the purposes of delay. With respect to their renewed appeals of their sentences, defendants have not shown that those appeals raise substantial questions of law or fact. Therefore, pursuant to section 3143 and *US v. Handy*, the court will order defendants detained. 18 U.S.C. § 3143; *US v. Handy*, 761 F.2d at 1283.[1] The government's motion to order self-surrender dates will be granted.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' motion to order self-surrender dates (doc. # 658) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Eve Mazzarella shall self-surrender **before 2:00 P.M.** on Thursday, **January 14, 2016**, at the Bureau of Prisons facility from which she was released**.**

IT IS FURTHER ORDERED that defendant Steven Grimm shall self-surrender **before 2:00 P.M.** on Thursday, **January 14, 2016**, at the Bureau of Prisons facility from which he was released**.**

DATED January 7, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because no substantial questions justifying bail pending appeal have been raised, the court will not address the other factors of the conjunctive test put forth by 18 U.S.C. § 3143 and *US v. Handy*. 18 U.S.C. § 3143; *US v. Handy*, 761 F.2d at 1283.

**James C. Mahan**
**U.S. District Judge**