1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA,                    Case No. 2:08-cr-00064-JCM-GWF-1

8
                               Plaintiff/Respondent,

9                                                          **ORDER**

                v.
                                            **Re: Motion for Appointment of Counsel**
10      STEVEN GRIMM,                                **(ECF No. 708)**

11                             Defendant/Petitioner.     **Re: Motion for Discovery Under Habeas**
                                                **Corpus Rule 6(a) (ECF No. 710)**
12
13                                              **REPORT AND RECOMMENDATION**

14                                          **Re: Motion for Evidentiary Hearing**
                                        **Pursuant to Rule 8 of the Rules Governing**
15                                              **§ 2255 (ECF No. 711)**

16
17          This matter is before the Court on Defendant's Motion for Appointment of Counsel (ECF

18    No. 708), Motion for Discovery Under Habeas Corpus Rule 6(a) (ECF No. 710) and Motion for

19    Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing § 2255 (ECF No. 711), filed on

20    November 2, 2018.  The Government filed its Response to Defendant's Motion for Discovery

21    (ECF No. 719) on November 16, 2018.  To date, no further opposition or reply has been filed and

22    the time for which has now expired.  The following Report and Recommendation is issued pursuant

23    to 28 U.S.C. § 636(b).

24                          **FACTUAL AND PROCEDURAL BACKGROUND**

25          Defendant-Petitioner Steven Grimm ("Petitioner") was charged in a twenty-eight (28)

26    count superseding indictment filed on February 16, 2011.  *Second Superseding Indictment*, (ECF

27    No. 175).  A six-week jury trial commenced on October 11, 2011 and a verdict was reached on

28

December 15, 2011. Petitioner was found guilty on fourteen (14) counts as charged in the Second Superseding Indictment. ECF No. 355. On March 23, 2012, Petitioner was sentenced and remanded into custody to serve 25 years in prison, and five years of supervised release, as to each count, concurrent. *Judgment*, (ECF No. 434). Defendant appealed the Judgement (ECF No. 438) to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). He subsequently filed two motions for new trial (ECF Nos. 525, 528) on January 20, 2012, which were denied. ECF No. 542. Petitioner filed his Notice of Appeal (ECF No. 549) with respect to denial of his motion for new trial on August 22, 2013.

Following a Remand Order (ECF No. 628) from the Ninth Circuit, vacating and remanding the judgement and the District Judge's denial of new trial, discovery was conducted, and an evidentiary hearing was held. District Judge James C. Mahan [1] held an evidentiary hearing to determine Petitioner's motion for new trial but ultimately denied his request. *Order*, (ECF No. 656). Petitioner appealed the District Court's Order (ECF No. 661) to the Ninth Circuit which ultimately affirmed the order denying new trial but vacated and remanded for reconsideration on the appropriate amount of forfeiture. *See Memorandum of United States Court of Appeal*, (ECF No. 680).

On November 2, 2018, Grimm filed a series of motions including: Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 707), Motion for Appointment of Counsel (ECF No. 708), Motion to hold in Abeyance § 2255 Motion for 60 Days (ECF No. 709), Motion for Discovery (ECF No. 710), and Motion for Evidentiary Hearing (ECF No. 711). This order will pertain only to Grimm's Motions for Counsel (ECF No. 708), Discovery (ECF No. 710) and Evidentiary Hearing (ECF No. 711).

**DISCUSSION REGARDING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner moves for appointment of counsel to assist him in prosecuting his 28 U.S.C. § 2255 petition (ECF No. 707). Petitioner argues that he should be appointed counsel because he is not trained in the legal field and has raised complex issues in his 28 U.S.C. § 2255 petition. ECF

---

[1] Following a remand order from the Ninth Circuit, Judge Hunt, who presided over the trial in this case recused himself. District Judge Mahan was randomly reassigned the case and permitted the parties to conduct additional discovery prior to the hearing as ordered by the Ninth Circuit.

No. 708.  The Government has not responded to Petitioner's motion for appointment of counsel and the time to do so has now expired.  On December 26, 2018, Alina M. Shell Esq., filed a Motion to Withdraw as Counsel and indicated the Government was preparing a brief to address whether the forfeiture order violated the Eighth Amendment's prohibition against excessive fines, and to address whether the forfeiture order comports with the United States Supreme Court's opinion in *Honeycutt v. United States*, 137 S.Ct. 1626 (2017).  ECF No. 723.  The Court granted Ms. Shell's request for withdrawal and referred the matter to the Criminal Justice Panel.  *Order*, (ECF No. 724).  On February 13, 2019, the Court issued an order appointing Sunethra Muralidhara Esq., as substitute counsel in the place of Ms. Shell.  ECF No. 725.

There is no constitutional right to the appointment of counsel in habeas corpus proceedings. *McClasky v. Zant*, 499 U.S. 467, 495 (1991)(citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  However, the court has discretion to appoint counsel when the interest of justice so requires.  *LaMere v. Risley*, 827 F. 2d 622, 626 (9th Cir. 1987).  The interest of justice so requires "when the complexities of the case are such that denial of counsel would amount to a denial of due process."  *Brown v. United States*, 623 F. 2d 54, 61 (9th Cir. 1980).  In the absence of such circumstances, a request for counsel in proceedings under § 2255 is addressed to the sound discretion of the trial court.  *Id*.  When a habeas corpus petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required.  *LaMere*, 827 F.2d at 626.

Here, Petitioner has not presented circumstances that justify appointment of counsel.  In fact, Petitioner's motions contain a myriad of case law, statutes, exhibits and affidavits, all of which demonstrate that he has sufficient ability to write and articulate the complexity of the legal issues involved in this case.  Therefore, the Court recommends Petitioner's request for appointment of counsel be denied, without prejudice.

## DISCUSSION REGARDING MOTION FOR DISCOVERY

Turning to the Motion for Discovery Under Habeas Corpus Rule 6(a), Petitioner represents discovery is necessary to fully develop the claims raised in his § 2255 petition.  The Government, however, argues that discovery is not necessary at this time, in light of the fact that Defendant filed

1    a motion to hold his §2255 in abeyance for 60 days (ECF No. 709) to which the Government does

2    not object.  Thus, the Government objects to discovery being held at this time since it appears

3    Defendant will file a supplement to his §2255 motion.

4         A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

5    discovery as a matter of ordinary course.  *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793,

6    138 L.Ed. 2d 97 (1997).  Instead, "[a] judge may, for good cause, authorize a party to conduct

7    discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with

8    the practices and principles of law."  Rules Governing § 2255 Motion, Rule 6(a).  Good cause for

9    discovery under Rule 6(a) is shown "where specific allegations before the court show reason to

10   believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is

11   … entitled to relief …." *Id*. at 908-09 (quotation and citation omitted).

12        Petitioner avers additional discovery is necessary in order for him to obtain evidence which

13   failed to be disclosed before and after trial, up to and including: grand jury testimony, plea deals

14   and an audiotape.  The Court finds that no good cause is shown justifying Petitioner's need for

15   discovery because the requested information does not necessarily establish his underlying § 2255

16   claims related to ineffective assistance of counsel.  Moreover, in light of Petitioner's representation

17   that that he will file a supplement to his § 2255 motion, any motion for discovery is premature.

18   The Court therefore recommends Petitioner's motion be denied, without prejudice.

19              **DISCUSSION REGARDING MOTION FOR EVIDENTIARY HEARING**

20        "A motion for habeas corpus under § 2255 that alleges facts supporting a claim for relief

21   may be denied without a hearing if the motion, the records, and the files of the case conclusively

22   show that the prisoner is entitled to no relief." *Spikes v. United States*, 633 F.2d 144, 145 (9th Cir.

23   1980); *see also Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990); 28 U.S.C. §

24   2255(b) (a court should grant a hearing on a § 2255 motion unless "the motion and the files and

25   records of the case conclusively show that the prisoner is entitled to no relief").  To earn the right

26   to a hearing… [defendant] must allege specific facts which, if true, would entitle him to relief.

27   *U.S. v. McMullen*, 98 F. 3d 1155, 1159 (9th Cir. 1996).  The court may deny a hearing if the

28   movant's allegations, viewed against the record, fails to state a claim for relief or "are so palpably

1    incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*,

2    153 F. 3d 925, 931 (9th Cir. 1998).  When a § 2255 petition "states a claim based on matters

3    outside the record of events outside the courtroom," an evidentiary hearing is mandatory.

4    *Doganiere v. United States*, 914 F. 2d 165, 168 (9th Cir. 1990)

5         The Court having reviewed both Petitioner's § 2255 Motion and Motion for evidentiary

6    hearing, notes Petitioner raises numerous claims related to the ineffective assistance of court-

7    appointed trial and appellate counsel, and Brady violations. *2255 Motion*, (ECF No. 707), *Exhibits*

8    *A-B*.  Petitioner contends that trial counsel, William C. Carrico, Esq., and Appellate counsel, Alina

9    Shell Esq., failed to adequately apprise him during plea negotiation stages, trial, and appeal.

10   Petitioner's motion for evidentiary hearing, however, solely addresses the alleged deficiencies of

11   trial counsel and Brady violations.  Petitioner alleges twenty-one (21) grounds for which his

12   motion for evidentiary hearing should be granted.  *Motion*, (ECF No. 711) 2-4.  These grounds are

13   based on allegations that he was not made aware of certain facts or consequences by counsel prior

14   to and during trial as well as claims that Petitioner was not privy to relevant documents during the

15   discovery period nor made aware of plea negotiations provided by testifying witnesses.

16        Absent from Petitioner's motion, however, is a sufficient explanation or basis in which to

17   believe these allegations had any substantial effect on his jury trial.  Instead, Petitioner's motion

18   takes a shot gun approach and asserts blanket statements without any substance or merit.  For

19   example, Petitioner contends that counsel mislead and failed to adequately apprise him before,

20   during and after trial, but fails to provide how the alleged deficient performance renders the results

21   of the trial unreliable.  Petitioner also alleges that several testifying witnesses entered into plea

22   agreements – a point that was addressed on direct examination of each witnesses but fails to

23   indicate how this violated his rights.  Thus, Petitioner has failed to make a proper showing of any

24   significant infringement of his constitutional rights and the Court therefore recommends that his

25   motion for evidentiary hearing be denied, without prejudice.  Accordingly,

26   . . .

27   . . .

28   . . .

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

**IT IS HEREBY ORDERED** that Petitioner Grimm's Motion for Appointment of Counsel (ECF No. 708) and Motion for Discovery Under Habeas Corpus Rule 6(a) (ECF No. 710) are **denied**, without prejudice.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Petitioner Grimm's Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing § 2255 Proceedings (ECF No. 711) be **denied**, without prejudice.

Dated this 29th day of July, 2019.

_____

GEORGE FOLEY, JR.

UNITED STATES MAGISTRATE JUDGE