NICHOLAS A. TRUTANICH
United States Attorney
NANCY M. OLSON
Assistant United States Attorney
501 Las Vegas Blvd. S, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Nancy.Olson@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STEVEN GRIMM,<br><br>　　　　　　Defendant. | Case No. 2:08-CR-64-JCM<br><br>**Government's Motion for an Order Deeming the Attorney-Client Privilege Waived and to Stay The Briefing Schedule** |

## I. Introduction

In a motion to vacate his convictions and sentence, Defendant Steven Grimm alleges that attorneys William Carrico (trial counsel) and Alina Shell (appellate counsel) provided constitutionally ineffective assistance of counsel (IAC). This Court ordered the government to respond to Grimm's motion. ECF No. 761. But to address the specific IAC allegations, the government needs information from Carrico and Shell. The government therefore seeks an order from the Court allowing it to obtain that information.

Grimm filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 707. In his motion—and in the 62-page

memorandum of law and 146-page attachment that accompany his motion, *see* ECF Nos. 701-1, 707-2—Grimm accuses his trial attorney of providing constitutionally ineffective assistance. His motion and memorandum include numerous accusations of IAC, including (among others subsumed in the following claims):

- **Ground One**: trial counsel was ineffective at the plea stage because counsel did not initiate plea negotiations, did not fully inform Grimm that rejecting the government's plea offer would result in a 25-year sentence, and did not fully inform Grimm of the applicable sentencing enhancements. ECF No. 701-1 at 5-7.

- **Ground Two**: trial counsel was ineffective by failing to explain the benefits of pleading guilty and the possibility of being convicted at trial, *i.e.*, had counsel explained the potential sentence Grimm would have accepted the government's offer. *Id.* at 8-11. Grimm concludes that, in the face of the government's evidence, he "did not stand a chance" and counsel should have so advised. *Id.* at 11.

- **Ground Three**: trial counsel was ineffective for failing to explain applicability of the sentencing guidelines to Grimm's case, and failing to anticipate the likely sentencing range. *Id.* at 12.

- **Ground Four**: trial counsel was ineffective for failing to explain the facts and consequences of the case and elements of the offenses to Grimm such that Grimm could not make a reasonably informed decision whether to go to trial. *Id.* at 14-15.

- **Ground Five**: trial counsel was ineffective for failing to mention and explain the possible enhancements (*e.g.*, loss amount, victims, sophisticated means, financial institution, organizer or leader, obstruction) applicable to Grimm's convictions if found guilty at trial. *Id.* at 16.

- **Ground Six**: trial counsel was ineffective for failing to conduct any investigation concerning potential leads and available evidence. *Id.* at 19. Grimm cites the following:
    - The circumstances surrounding Benjamin and Shauna Labee's plea offers.
    - The circumstances surrounding Tina Liuzza not being a target.
    - The circumstances surrounding Michael Eugene Thompson's interview.
    - The circumstances surrounding payments to Laura Diaz.
    - The circumstances surrounding Nicholas Rice's testimony concerning buying properties from Grimm.
    - The circumstances surrounding Craig Eugen Christians's plea offer and cooperation.
    - The existence of the "audio tape" mentioned at arraignment.
    - Discovery regarding Sylvester & Polednak.
    - Documents received from expert witness Fagin.
    - The circumstances surrounding Ms. Ortiz's plea agreement.
    - Ms. Cromer's report to the FBI regarding Grimm.
    - Information relating to Benjamin Labee's interviews with the government.
    - The circumstances surrounding potential juror misconduct by an "activist woman" in the ladies restroom.
    - Documents concerning thirteen properties.
    - The discovery referenced by a witness on trial day thirty-one.
    - The circumstances surrounding juror misconduct on trial day thirty-two.
    - The circumstances surrounding dismissal of two jurors on trial day thirty-three.

- **Ground Seven**: trial counsel was ineffective for failing to properly calculate the loss amount, and failing to object to that amount at sentencing. *Id.* at 25-26.
- **Ground Eight**: trial counsel was ineffective for failing to impeach and properly cross-examine the witnesses listed in Exhibit B to Grimm's motion. *Id.* at 28-29; *see also* ECF No. 707-2 at 7-146 (*e.g.*, Geraldine Breezy, Shauna Labee, Gary Danial Marsh, Ryan Randall, Shaina Comer, Channa Sedere, David Mark, Kimberly Brown, Amber Bean, Jonathan Carter, Shawna Partridge, Elizabeth Blandon, Victoria Crain, Chad Loucel, Helena Garcia, Michael Baptista, Daisy Vargas, Steve Perez, Robert Watson, Donald Polednak, Andrew Gordon, Scott Swan, Laura Diaz, Robert Samora, Amy Ortiz, Edward Gonzales, Michael Thompson, Erin Schlumpf, Curt Novy).
- **Ground Nine**: trial counsel was ineffective for failing to move for a mistrial based on juror misconduct, *i.e.*, "actual contact" with jurors by "Helena Garcia." *Id.* at 30, 35-36.
- **Ground Ten**: trial counsel was ineffective for failing to move for an inquiry regarding the juror misconduct alleged above. *Id.* at 37.
- **Ground Eleven**: trial counsel was ineffective for failing to inform Grimm of his right to testify, and that it was Grimm's decision to make. *Id.* at 38. Grimm would have testified about contradictions in government witness testimony, the correct calculations, inaccuracies in the spreadsheets documenting the transactions, and a clandestine meeting between investors and government agents. *Id.* at 39.
- **Ground Twelve**: N/A (not an IAC claim).

- **Ground Thirteen**: trial counsel was ineffective for failing to: conduct adequate consultations with Grimm, adequately test the government's case and challenge government non-disclosures, and pursue potential leads. *Id.* at 46-47.

- **Ground Fourteen**: trial counsel was ineffective for failing to explain the terms of the plea offer until mid-trial. *Id.* at 48.

- **Ground Fifteen**: N/A (not an IAC claim).

- **Ground Sixteen**: trial counsel's overall performance was cumulatively ineffective from plea negotiations through trial. *Id.* at 51.

- **Ground Seventeen**: trial counsel was ineffective for failing to inform Grimm of all of the options and alternatives given the charges against him. *Id.* at 52.

- **Ground Eighteen**: trial counsel was ineffective for failing to object, preserve, and challenge alleged prosecutorial misconduct. *Id.* at 54.

- **Ground Nineteen**: (1) trial counsel was ineffective for failing to object to the forfeiture order at sentencing; (2) appellate counsel was ineffective for failing to object to the forfeiture order on direct appeal. *Id.* at 56.

- **Ground Twenty**: appellate counsel was ineffective for failing to allow Grimm to assist in preparation of the opening brief and ignoring his input concerning leads, impeachment information, and exculpatory information. *Id.* at 57.

On January 16, 2020, this Court issued an order directing the government to response to Grimm's motion within 90 days, *i.e.*, by April 15, 2020. ECF No. 761.

## II. Points and Authorities

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all

5

communications with his allegedly ineffective lawyer." *See Bittaker* v. *Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (citing *Wharton* v. *Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997)). "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *United States* v. *Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851 (1997) (citations omitted). Grimm's motion and memorandum include numerous accounts of conversations he allegedly had with his attorneys and advice they allegedly provided, or failed to provide. To respond to Grimm's accusations, the government needs to hear trial and appellate counsels' side of the story.

"A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh* v. *Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States* v. *Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996) (Defense counsel's actions are not considered deficient when made for tactical and strategic reasons that were not "outside the wide range of professionally competent assistance"). Grimm's motion and memorandum include numerous complaints about actions his attorneys took, or did not take, at trial, sentencing, and appeal. To respond to those accusations, the government needs to hear counsels' explanations for why they did or did not take those actions, and whether their decision were reasonable tactical or strategic choices.

### III. Conclusion

Based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:08-CR-64-JCM be deemed waived as to the above-referenced matters, which Grimm put at issue in his motion to vacate, set aside, or correct sentence. The government respectfully request that this Court order Mr. Carrico and Ms. Shell to provide the government, within 60 days after the date of the Court's order, affidavits or declarations, as

6

well as any relevant materials and information supporting their recollections, addressing the allegations in Grimm's motion and memorandum.[1]

The government further requests that the Court stay the briefing schedule while it awaits responses from counsel, such that the government will have 90 days to prepare its response after it has received counsels' affidavits or declarations.

Upon receipt of the Court's order on this matter, the government will serve former counsel with a copy of Grimm's § 2255 motion and memorandum, as well as this application and the resulting order.

Dated this 23rd day of January, 2020

NICHOLAS A. TRUTANICH
United States Attorney

*s/ Nancy M. Olson*
NANCY M. OLSON
Assistant United States Attorney

---

[1] Although the government frequently asks for an order directing counsel to provide an affidavit or declaration within 30 days, it requests 60 days here in light of the large number of, and level of detail in, the accusations Grimm raises against his attorneys, and the expectation that it will take time for his prior attorneys to compile information and draft comprehensive responses to those accusations.

7

# CERTIFICATE OF SERVICE

I certify that on January 23, 2020, I electronically filed the foregoing Government's Motion with the Clerk of the Court by using the CM/ECF system.

In addition, I caused to be mailed a copy of this application to defendant at his last known address:

Steven Grimm, Reg. No. 42717-048
Texarkana FCI
Inmate Mail/Parcels
P.O. Box 7000
Texarkana, TX 75505

Dated: January 23, 2020

                                           *s/ Nancy M. Olson*
                                           NANCY M. OLSON
                                           Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STEVEN GRIMM,<br><br>　　　　　Defendant. | Case No. 2:08-CR-64-JCM<br><br>**Order** |

Based upon the pending motion of the government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:08-CR-64-JCM between the Defendant, Steven Grimm, and attorneys William Carrico, Esq. and Alina Shell, Esq., shall be deemed waived for purposes relating to Grimm's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Mr. Carrico and Ms. Shell shall, within 60 days of this order, each provide the government with an affidavit or declaration addressing the allegations of ineffective assistance of counsel raised in Grimm's motion. Further, Mr. Carrico and Ms. Shell may communicate with government counsel and provide supporting documentation regarding all matters put at issue in Grimm's motion.

　　　　　The briefing schedule is stayed until receipt of the affidavits or declarations, at which time the government shall have 90 days in which to file its response to Grimm's 2255 motion.

DATED February 26, 2020.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE