1
2
3
4                       UNITED STATES DISTRICT COURT
5                           DISTRICT OF NEVADA
6                                  * * *
7    UNITED STATES OF AMERICA,                 Case No. 2:08-CR-64 JCM (GWF)
8                          Plaintiff(s),                    **ORDER**
9          v.
10   STEVEN GRIMM, et al.,
11                        Defendant(s).
12
13         Presently before the court is the matter of *United States v. Grimm, et al.*, case number 2:08-
14   cr-00064-JCM-GWF.  On June 5, 2020, defendant Steven Grimm ("defendant") filed a motion for
15   preliminary injunction.  (ECF No. 789).
16         The court "has a duty to ensure that pro se litigants do not lose their right to a hearing on
17   the merits of their claim due to ignorance of technical procedural requirements."  *Balistreri v.*
18   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citations omitted).  Thus, "[a] document
19   filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must
20   be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*,
21   551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  This is particularly true in
22   civil rights cases.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri*, 901 F.2d at 699 (9th Cir.
23   1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are
24   involved.") (citations omitted).
25         To that end, federal courts will sometimes ignore the legal label that a *pro se* litigant
26   attaches to a motion and recharacterize the motion in order to place it within a different legal
27   category. *See, e.g., Raineri v. United States,* 233 F.3d 96, 100 (1st Cir. 2000); *United States v.*
28   *Detrich,* 940 F.2d 37, 38 (2nd Cir. 1991); *United States v. Miller,* 197 F.3d 644, 648 (3rd Cir.

**James C. Mahan**
**U.S. District Judge**

1    1999); *Raines v. United States,* 423 F.2d 526, 528, n. 1 (4th Cir. 1970); *United States v. Santora,*

2    711 F.2d 41, 42 (5th Cir. 1983); *United States v. McDowell,* 305 F.2d 12, 14 (6th Cir. 1962);

3    *Henderson v. United States,* 264 F.3d 709, 711 (7th Cir. 2001); *McIntyre v. United States,* 508

4    F.2d 403, n. 1 (8th Cir. 1975) *(per curiam); United States v. Eatinger,* 902 F.2d 1383, 1385 (9th

5    Cir. 1990) *(per curiam); United States v. Kelly,* 235 F.3d 1238, 1242 (10th Cir. 2000); *United*

6    *States v. Jordan,* 915 F.2d 622, 625 (11th Cir. 1990); *United States v. Tindle,* 522 F.2d 689, 693

7    (D.C. Cir. 1975) *(per curiam).*

8         The court has reviewed defendant's motion and finds that it is not, in fact, requesting a

9    preliminary injunction.   Instead, defendant's motion is best construed as one requesting

10   compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub.

11   L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  18 U.S.C. § 3582(c)(1)(A).

12        The court will order briefing accordingly.  Pursuant to Temporary General Order ("TGO")

13   2020-06, the Federal Public Defender ("FPD") is presumptively appointed to review and, if

14   appropriate, supplement defendant's motion.  The FPD is ordered to file its supplemental motion

15   or, if there is a prohibitive conflict of interest, a motion for appointment of CJA counsel within 14

16   days of this order.  The government shall respond within 7 days thereafter, to which defendant

17   may reply within 7 days.

18        Accordingly,

19        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion be,

20   and the same hereby is, CONSTRUED as a motion for compassionate release.

21        IT IS FURTHER ORDERED that the FPD shall file its supplemental motion within 14

22   days of this order.

23        IT IS FURTHER ORDERED that, if there is a prohibitive conflict of interest, the FPD shall

24   file a motion for appointment of CJA counsel in lieu of a supplemental motion.

25        IT IS FURTHER ORDERED that the government shall respond to the FPD's supplemental

26   motion within 7 days of its filing.

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1      IT IS FURTHER ORDERED that defendant shall file his reply, if any, to the government's

2  response within 7 days thereof.

3      DATED June 8, 2020.

4  _____

5                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**