# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00064-JCM-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| STEVEN GRIMM, | |
| Defendant. | |

Presently before the court are defendant Steven Grimm's motions for an order directing his counsel to consult with him prior to filing documents (ECF No. 836) and to stay his § 2555 habeas corpus proceedings (ECF No. 837).

Grimm says he is experiencing communication difficulties with his appointed counsel. (ECF No. 837). She has not related to him "any strategies or defenses as a result of his investigations." (*Id.* at 2). He asks the court to order his counsel to consult with him "*before* filing any pertinent documents, briefs, responses, traverses, and the such." (*Id.*).

To start, this court's local rules dictate that "a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." LR IA 11-6(a). Grimm filed the two motions before the court pro se even though he has been appointed CJA counsel. (ECF No. 802). His motions can be denied on this basis alone.

Even so, after Grimm filed his motions, his counsel filed a fifth request to extend the time to reply in support of Grimm's § 2555 motion. (ECF No. 846). Counsel avers in that

motion that she has re-established communication with her client and seeks the extension to allow Grimm to review and approve the reply. (*Id.* at 2). Based on this representation, Grimm's requested relief in his two motions is unwarranted at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Grimm's motions (ECF Nos. 836, 837) be, and the same hereby are, DENIED without prejudice.

DATED June 28, 2021.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE