CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA, ) 2:08-CR-064-JCM-EJY
)
Plaintiff, ) **Stipulation for Entry of Order of Forfeiture**
) **as to Defendant Grimm and Order**
v. )
)
STEVEN W. GRIMM, )
)
Defendant )

The United States of America, Steven W. Grimm (Grimm), and his counsel, Paola Armeni, Clark Hill PLLC, agree as follows:

1. After the jury convicted Grimm of count 1, conspiracy to commit bank fraud, mail fraud, and wire fraud; counts 2-7, bank fraud; counts 8-12, mail fraud; and counts 13-14, wire fraud, United States District Court Judge Hunt sentenced Grimm to twenty-five years in prison on each count concurrently, five year supervised release on each count concurrently, restitution of $2,276,425, and a criminal forfeiture money judgment of $107,000,000 for Count 1; $590,000 for Count 2; $268,000 for Count 3; $510,000 for Count 4; $485,000 for Count 5; $520,000 for Count 6; $295,000 for Count 7; $319,900 for Count 8; $419,000 for Count 9; $330,000 for Count 10; $305,000 for Count 11; $315,000 for Count 12; $325,000 for Count 13; and $460,000 for Count 14. Judgment in a Criminal Case (JNC), ECF No. 434; Order of Forfeiture, ECF Nos. 366, 424; *United States v. Mazzarella*, 693 F. Appx 582 (9th Cir. July 5, 2017).

1

2. The Ninth Circuit upheld all the district court's decisions, including the criminal forfeiture money judgments as to each substantive count but decided the criminal forfeiture money judgment amount of $107,000,000 for the conspiracy violated the Eighth Amendment. *Id.* The Ninth Circuit vacated the $107,000,000 criminal forfeiture money judgment and remanded to the district court to reconsider the appropriate forfeiture amount for the conspiracy. *Id.*

3. The parties to this stipulation compromise to avoid costs, expenses, and the risks of further litigation.

4. After the remand and before the government and Grimm litigated the *Bajakajian* analysis and the Eighth Amendment, the United States Supreme Court decided *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

5. Although this case was remanded for the Eighth Amendment, *Honeycutt* dictates the forfeiture amount as to Grimm.

6. The Ninth Circuit upheld the criminal forfeiture of all the substantive counts under the Eighth Amendment. *Mazzarella*, 693 F. Appx 582. When *Honeycutt* is applied, Grimm's criminal forfeiture money judgment is $10,531,727.

7. Grimm knowingly and voluntarily agrees the criminal forfeiture money judgment of $10,531,727 and the forfeiture of following specific property:

A. $292.69 in United States Currency seized from Bank of Nevada Account Number X2408;
B. $1,095.00 in United States Currency seized from Bank of Nevada Account Number X8958;
C. $1,257.41 in United States Currency seized from Wells Fargo Bank Account Number X8970;
D. $1,375.78 in United States Currency seized from Wells Fargo Bank Account Number X0577;
E. $15,276.69 in United States Currency seized from Wells Fargo Bank Account Number X9680;
F. $15,098.13 in United States Currency seized from Wells Fargo Bank Account Number X9111;
G. $679.00 in United States Currency seized from First Republic Bank Account Number X1312;
H. $118.56 in United States Currency seized from Bank of America Account Number X7670;
I. $996.54 in United States Currency seized from Bank of America Account Number X4471;
/ / /

  J. $552.07 in United States Currency seized from Bank of America Account Number X3017;
  K. $924.44 in United States Currency seized from Washington Mutual Account Number X6267;
  L. $1,900.00 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 89117;
  M. $800.00 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 891179; and
  N. the 2001 Black Ford F-550, VIN 6522, Nevada License plate 410UXX (all constituting specific property).

  8. The property is illegally obtained fraudulent proceeds Grimm obtained, acquired, and personally possessed from his conspiracy count and his substantive counts and is forfeited as illegal proceeds criminally under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p).

  9. Grimm knowingly and voluntarily agrees to the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property, not to be held jointly and severally liable with any codefendants.

  10. Grimm knowingly and voluntarily agrees to the district court imposing the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property, not to be held jointly and severally liable with any codefendants.

  11. Grimm knowingly and voluntarily agrees the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property comply with *Honeycutt*.

  12. Grimm knowingly and voluntarily waives his rights to any civil judicial forfeiture proceedings, any criminal forfeiture proceedings, and any appellate proceedings regarding the criminal forfeiture money judgment and the forfeited specific property (proceedings).

  13. Grimm knowingly and voluntarily waives any service of process of any documents filed in this action and any proceedings concerning the criminal forfeiture money judgment and the forfeited specific property arising from the facts and circumstances of this case.

  14. Grimm knowingly and voluntarily waives any further notice to Grimm, his agents, and his attorney regarding any proceedings concerning the criminal forfeiture money

judgment of $10,531,727, and the forfeited specific property arising from the facts and circumstances of this case.

15. Grimm knowingly and voluntarily agrees not to file any claim, answer, petition, appellate brief, and any other documents in any proceedings concerning the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property.

16. Grimm knowingly and voluntarily agrees to withdraw immediately any claim, answer, petition, appellate brief, and any other documents in any proceedings concerning the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property.

17. Grimm knowingly and voluntarily agrees not to contest and agrees not to assist any other person and entity to contest the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property.

18. Grimm knowingly and voluntarily waives the statute of limitations, laches, lenity, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, the forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

19. Grimm knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property in any proceedings, including, but not limited to, a court hearing under the Sixth Amendment to the United States Constitution.

20. Grimm knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

21. Grimm knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property in any proceedings under *Honeycutt*.

22. Grimm knowingly and voluntarily agrees to the entry of an Order of Forfeiture with the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property to the United States.

23. Grimm knowingly and voluntarily waives the right to appeal any Order of Forfeiture in this case.

24. Grimm knowingly and voluntarily agrees the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property is immediately due and payable and is subject to immediate collection by the United States.

25. Grimm knowingly and voluntarily agrees and understands the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the district court imposed on Grimm in addition to the forfeiture.

26. Grimm knowingly and voluntarily agrees to take all steps as requested by the United States Attorney's Office for the District of Nevada (USAO) to pass clear title of any forfeitable assets which may be used to satisfy the criminal forfeiture money judgment of $10,531,727 and the forfeited specific property to the United States and to testify truthfully in any judicial forfeiture proceedings. Grimm knowingly and voluntarily agrees and understands he shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing this stipulation. The

financial statement shall disclose to the USAO all of his assets and financial interests valued at more than $500. Grimm knowingly and voluntarily agrees and understands these assets and financial interests include all assets and financial interests that Grimm has an interest, direct or indirect, whether held in his name or in the name of another person, trust, or entity, in any real or personal property. Grimm shall also identify all assets valued at more than $500 that he has transferred or diverted directly or indirectly to third parties, including the location of the assets and the identity of any third party.

27. Grimm knowingly and voluntarily agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e).

28. Grimm knowingly and voluntarily acknowledges the amount of the forfeiture will differ from the amount of restitution.

29. Grimm knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture (Stipulation).

30. Grimm knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case relating to the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

31. Grimm knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any

kind that Grimm now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

32. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

33. The Stipulation contains the entire agreement between the parties.

34. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and entities, on whose behalf they are signing, to the terms of the Stipulation.

35. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

36. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

37. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

38. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /
/ / /

1  IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was
reasonable cause for the seizure and forfeiture of the property.

CLARK HILL PLLC

_____  
PAOLA ARMENI  
Counsel for Steven W. Grimm  
DATED: 10-25-21

_____  
STEVEN W. GRIMM  

DATED: 10-19-21

CHRISTOPHER CHIOU  
Acting United States Attorney

*/s/ Daniel D. Hollingsworth*  
_____  
DANIEL D. HOLLINGSWORTH  
Assistant United States Attorney

DATED: 10/26/2021


IT IS SO ORDERED:

_____  
JAMES C. MAHAN  
UNITED STATES DISTRICT JUDGE  
DATED: October 29, 2021

8