Jim Hoffman
Nevada State Bar 13896
PO Box 231246
Las Vegas, NV 89105
(702) 483-1816
Jim.Hoffman.Esq@gmail.com
Attorney for Steven Grimm

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, | Case No.: 2:08-cr-00064-JCM-EJY |
| Plaintiff, | |
| vs. | **MOTION TO REOPEN 2255** |
| STEVEN GRIMM, | **PROCEEDINGS** |
| Defendant | |

STEVEN GRIMM, by and through his counsel JIM HOFFMAN, ESQ., hereby brings this Motion to Reopen his 2255 Proceedings.  This Motion is based on FRCP 60(b), as well as the attached Argument and all other pleadings on file in this case.

DATED: 6/2/22

/s/ Jim Hoffman

Jim Hoffman, Esq

**ARGUMENT**

Steven Grimm was previously convicted in 2012 of 14 counts related to a complex mortgage fraud., after a 37-day trial involving an appropriately extensive number of witnesses and amount of documentary evidence.  After his appeal, he filed a pro se 2255 petition before the Court.  The petition delineated at least 33 grounds for relief (Claims A-GG; many of the claims involved multiple subparts).  After several lawyers were appointed to the petition and then left the case, the undersigned was appointed on January 26, 2022 to evaluate the petition and determine whether further supplementation was appropriate.  On May 31, 2022, this Court issued an order denying the petition.

FRCP 60(b) allows a court to grant relief from a final order under various reasons, including mistake, inadvertence, surprise, or excusable neglect.[1]  This circumstance applies in the instant case.  The undersigned is still in the middle of completing his file review of Mr. Grimm's case (due to the extensive amount of claims involved and trial testimony to review, along with all of the other filings in the case).  However, the undersigned plans to file supplemental briefing on a number of the grounds enumerated in the pro se 2255 motion once the file review is completed.

The undersigned believed he would have more time before the Court issued its order denying the motion in which to complete his supplementation.  Counsel's inadvertence in failing to inform the Court of this should not bar Mr. Grimm from the benefit of counsel in having supplemental briefing.  The undersigned's intention is to complete and file the supplemental briefing this summer, and both

---

[1] In the habeas context, Rule 60(b) applies to the extent it is consistent with AEDPA – i.e., it cannot be a reason for a second/successive petition.  *Gonzalez v. Crosby,* 545 U.S. 524, 529-30 (2005).  The undersigned represents that he is only planning to supplement the grounds previously asserted in the pro se 2255 motion.

Mr. Grimm and the undersigned respectfully ask the Court to reopen the 2255 proceedings so that this task can be accomplished.

DATED: 6/2/22

/s/ Jim Hoffman

Jim Hoffman, Esq