# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00064-JCM-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| STEVEN GRIMM, | |
| Defendant. | |

Presently before the court is Steven Grimm's ("Grimm") motion for compassionate release. (ECF No. 876). The United States of America ("the government") filed a response (ECF No. 880), to which Grimm replied. (ECF No. 884).

Also before the court is Grimm's motion to seal exhibits filed with his motion for compassionate release. (ECF No. 877).

## I.    Background

On March 23, 2012, Grimm was sentenced to 25 years in prison for conspiring to and committing bank fraud, mail fraud, and wire fraud, as well as aiding and abetting. (ECF No. 880). Grimm contends he has served approximately half of his 25-year sentence. (ECF No. 876). The government asserts that Grimm was granted release pending appeal on April 9, 2014, and Grimm only began serving his sentence at FCI Texarkana on February 10, 2016. (ECF No. 880).

Grimm's sentence is set to expire May 5, 2035. (*Id*.) Grimm has previously filed three pro se motions for compassionate release in 2020, all of which this Court denied. (ECF Nos. 789, 819, 851). Grimm claims his past three motions for compassionate release, in addition to being filed

pro se, lacked various important supporting documents, including his full medical records. (ECF No. 876). He filed the instant motion for compassionate release on June 11, 2022. (*Id.*)

## II. Legal Standard

The court can reduce a prison sentence for "extraordinary or compelling reasons" under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). This statutory authorization is a limited exception to the general rule that a court "may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).

Before a defendant can move for compassionate release, he must first ask the BOP to do so on his behalf, typically by submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A). He must then exhaust all administrative rights to appeal the BOP's denial of his request or wait thirty days for his request to go unanswered, whichever comes first. *Id.*

To grant compassionate release, the court must make two findings. First, there must be "extraordinary and compelling reasons" that warrant compassionate release and, second, release must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable Sentencing Commission policy statement lists specific circumstances related to the defendant's medical condition, age, and family circumstances that are extraordinary and compelling.[1] USSG § 1B1.13, cmt. 1. The policy statement also requires the court to consider

---

[1] The specific extraordinary and compelling circumstances are: (1) the defendant is either "suffering from a terminal illness" or some other serious condition "that substantially diminishes the ability of the defendant to provide self-care" in prison; (2) the defendant is at least 65 years old, is experiencing deteriorating health, and has served a substantial portion of his sentence; (3) certain family circumstances like the incapacitation of a spouse; and (4) other reasons "as determined by the Director of the [BOP]." USSG § 1B1.13, cmt. 1.

whether the defendant is a danger to the community based on the factors set forth in 18 U.S.C. § 3142(g).  USSG § 1B1.13(2).

District courts have granted compassionate release under circumstances beyond those listed in the policy statement.  *United States v. Regas*, No. 391CR00057MMDNA1, 2020 WL 2926457 (D. Nev. June 3, 2020); *United States v. Arreola-Bretado*, No. 3:19-CR-03410-BTM, 2020 WL 2535049 (S.D. Cal. May 15, 2020); *United States v. Kesoyan*, Case No. 2:15-cr-236-JAM, 2020 WL 2039028 (E.D. Cal. Apr. 28, 2020).  That is because the policy statement was last substantively amended in November 2016, before the passage of the First Step Act in December 2018. Courts have reasoned that Congress's intent in passing the First Step Act—which allows inmates to move for compassionate release when the BOP declines to do so—was to entrust district courts to consider a variety of circumstances that could be extraordinary and compelling.  *See Arreola-Bretado*, 2020 WL 2535049, at *2.  The court agrees that its discretion to grant compassionate release is not strictly limited to the specific circumstances in the Sentencing Commission's policy statement.

Lastly, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1)-(7).

. . .

## III. Discussion

As an initial matter, and with good cause appearing, the court grants Grimm's motion to seal. (ECF No. 877).

Grimm claims he cannot adequately care for his health while incarcerated during the coronavirus ("COVID") pandemic. (ECF No. 876). Grimm has diabetes, high blood pressure, and categorizes himself as overweight based on a body mass index of 29. (*Id.*) He is a former smoker and has ongoing shortness of breath from contracting COVID in December 2020. (*Id.*) He also contends that the Texarkana FCI and Bureau of Prisoners ("BOP") have failed to provide adequate health care to inmates. (*Id.*)

Grimm has not been vaccinated against COVID, citing religious objections to the confirmation phase procedures used in the development of the Pfizer and Moderna vaccines. (ECF No. 876-1). He similarly objects to method of manufacturing of the Johnson & Johnson vaccine. (*Id.*)

The parties agree that Grimm has exhausted administrative remedies with the BOP under 18 U.S.C. § 3582(c)(1)(A). The government rejects Grimm's claim that his health conditions rise to the level of extraordinary and compelling. (ECF No. 880). The government argues that the availability of vaccines has nullified the argument that high-risk populations cannot protect themselves against COVID from within a correctional facility. (*Id.*)

To grant compassionate release, the court must make two findings. First, there must be "extraordinary and compelling reasons" that warrant compassionate release and, second, release must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). USSG § 1B1.13(1)(A) lists the "Medical Condition of the Defendant" as an extraordinary and compelling reason under certain circumstances.

Grimm contends that he has "a number of health problems that exacerbate his vulnerability to COVID" and hinder his ability to care for himself while imprisoned. (ECF No. 876). While Grimm's health conditions may present additional risks for severe COVID infection, he is only 59 years old and has already contracted the virus once while incarcerated.

Before COVID vaccines became available, the government conceded that medically high-risk inmates, like Grimm, may present extraordinary and compelling reasons for release because of their inability to provide self-care during the pandemic. (ECF No. 880). However, since the availability of vaccines, this circumstance no longer exists.

While it remains entirely in the discretion of each inmate to receive the vaccine, refusing to do so while incarcerated severely undercuts a claim for compassionate release for COVID-related reasons. *United States v. McCullum*, No. 3:13-CR-00012-RCJ, 2022 WL 943143, at *2 (D. Nev. Mar. 29, 2022). Courts have routinely found refusing a vaccination supports denial of a motion for compassionate release purely based on a risk of contracting COVID. (*Id*.)

This court denied compassionate release on that ground in *United States v. McCain-Bray* and stated that a defendant cannot evade precautionary measures like a vaccine and then claim extraordinary risk. No. 2:16-CR-00224-KJD-CWH, 2021 WL 5501103, at *1 (D. Nev. Nov. 23, 2021). The cases Grimm relies upon in his argument all illustrate examples of compassionate release for vulnerable inmates *prior* to the release of vaccines, when the government conceded to the extraordinary risk. (ECF No. 876). Grimm's personal choice to refuse vaccination does not change the fact that vaccines are an available method of self-care to inmates today.

This court has also recognized the particularly difficult task of containing any highly transmissible virus in a correctional facility and takes note of efforts the BOP has taken to mitigate risk. *See United States v. Alcaraz*, No. 2:13-CR-00189-KJD-CWH, 2022 WL 1016646, at *3 (D.

Nev. Apr. 4, 2022) (acknowledging the BOP's vaccine administration and internal policy measures taken to prevent inmates from serious illness). To address Grimm's argument that FCI Texarkana is a particularly high-risk facility, the government notes that there were zero positive cases among FCI Texarkana inmates in June. (ECF No. 880). This fact, viewed in light of the current stage of the pandemic and vaccine development, paints a far different picture today than it did two years ago.

The court finds that Grimm's underlying health conditions, unvaccinated status, and mere potential for a COVID reinfection do not present an extraordinary and compelling reason to grant compassionate release. Because the court finds no reason to justify release, there is no need to consider applicable policy statements under the U.S. Sentencing Guidelines.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Grimm's motion for compassionate release (ECF No. 876) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Grimm's motion to seal (ECF No. 877) be, and the same hereby is, GRANTED.

DATED September 23, 2022.

_____
UNITED STATES DISTRICT JUDGE