# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>STEVEN GRIMM,<br><br>            Defendant. | CASE NO.: 2:08-CR-00064-JCM-EJY<br><br>**ORDER** |

Presently before the court is defendant Steven Grimm's motion for a sentence reduction. (ECF No. 939).  The government did not respond.

## I.     Background

On March 23, 2012, Grimm was sentenced to 25 years in prison for conspiring to and committing bank fraud, mail fraud, wire fraud, as well as aiding and abetting.  (ECF No. 880). Grimm's sentence is set to expire May 5, 2035.  Grimm has filed numerous motions for compassionate release, all of which have been denied.  (*See* ECF Nos. 789, 819, 851, 893). Grimm again argues he qualifies for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II.    Legal Standard

The court can reduce a prison sentence for "extraordinary or compelling reasons" under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). This statutory authorization is a limited exception to the general rule that a court "may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).

Before a defendant can move for compassionate release, he must first ask the BOP to do so on his behalf, typically by submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A). He must then exhaust all administrative rights to appeal the BOP's denial of his request or wait thirty days for his request to go unanswered, whichever comes first. *Id.*

To grant compassionate release, the court must make two findings. First, there must be "extraordinary and compelling reasons" that warrant compassionate release and, second, release must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines Manual provides a list of specific circumstances that are "extraordinary and compelling reasons." USSG § 1B1.13. The policy statement also requires the court to consider whether the defendant is a danger to the community based on the factors set forth in U.S.C. § 3142(g). USSG § 1B1.13(2).

### III.   Discussion

As an initial matter, defendant asked the Bureau of Prisons (BOP) to bring a motion for compassionate release on his behalf. (ECF No. 939). Defendant's request has gone unanswered for thirty days, meaning the court may properly decide this motion.

Defendant argues his sentence is unusually long and thus qualifies as an "extraordinary and compelling reason" justifying compassionate release. The Sentencing Guidelines provide that an extraordinary and compelling reason to reduce a defendant's sentence may exist when the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" and there has been a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG § 1B1.13(b)(6). The Ninth Circuit has confirmed that "district courts may consider non-retroactive changes in sentencing law … when analyzing extraordinary and

compelling reasons for purposes of § 2582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

    Defendant presents no such change in the law. Instead, he argues that the sentencing disparity between his co-defendants and himself justify a sentence reduction. This is insufficient to satisfy USSG § 1B1.13(b)(6).

    Defendant then cites to the superseding indictment in *USA v. Samuel Bankman-Fried*. 1:22-cr-00673-LAK. Defendant alleges that Samuel Bankman-Fried had "a 'loss calculation' of prox $11 billion dollars, substantially larger than Grimm, whose sentence was almost entirely driven by the loss calculation" and Bankman-Fried "received the same (25) years for substantially greater loss." (ECF No. 939 at 6). Defendant reasons, therefore, that because Bankman-Fried's conduct included a higher loss calculation and received the same sentence, defendant's sentence is unusually long.

    This is also insufficient to satisfy USSG § 1B1.13(b)(6). Courts routinely impose 25 years custody for multi-million-dollar fraud schemes, and the fact that defendant points to a case with an unusually high damage calculation does not change this fact. *See e.g. United States v. Flynn*, 265 F. App'x 434, 439 (6th Cir. 2008) (affirming defendant's sentenced 25-year sentence when fraud caused more than $20.7 million in damages); *United States v. Patel*, 921 F.3d 663 (7th Cir. 2019) (affirming 25-year sentence when defendant's fraud caused $179 million in damages); *Zayed v. Buysse*, No. CIV. 11-CV-1042 SRN, 2011 WL 2160276 (D. Minn. June 1, 2011) (defendant sentenced to 25 years for fraud totaling more than $158 million). Accordingly, defendant's 25-year sentence is not unusually long for a loss calculation valued at over $50 million.

. . .

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for sentence reduction (ECF No. 939) be, and the same hereby is, DENIED.

DATED September 25, 2025.

_____
UNITED STATES DISTRICT JUDGE